UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 1750 ST. CHARLES CONDOMINIUM HOMEOWNERS ASSOCIATION, INC.<br>    Plaintiff<br><br>VERSUS<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, ET AL.<br>    Defendants | CIVIL ACTION NO.:<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE: |

## NOTICE OF REMOVAL

Defendants, Certain Underwriters at Lloyd's, London Subscribing to Policy No. VNB-CN-0000749-04, Certain Underwriters at Lloyd's London Subscribing to Policy No. VRN-CN-0000749-04, Interstate Fire & Casualty Company Subscribing to Policy No. VRX-CN-0000749-04, and Independent Specialty Insurance Company Subscribing to Policy VUX-CN-0000749-04 (collectively "Defendants"), appearing solely for the purpose of removing this case from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 9 U.S.C. § 205, with full reservation of all rights, exceptions and defenses, specifically including, but not limited to, jurisdiction and venue, and respectfully represent:

1.

Defendants remove this cause pursuant to 9 U.S.C. § 205, as the subject matter of the cause relates to an arbitration agreement falling under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("the Convention").

2.

Plaintiff, 1750 St. Charles Condominium Homeowners Association, Inc., a duly licensed limited liability company authorized to do business in the State of Louisiana and domiciled in the Parish of Orleans, State of Louisiana, alleges that the commercial property it owns located at 1750 St. Charles Avenue, New Orleans, Louisiana 70130, was damaged as a result of Hurricane Ida on August 29, 2021.

3.

Defendants, Certain Underwriters at Lloyd's, London Subscribing to Policy No. VNB-CN-0000749-04 and Certain Underwriters at Lloyd's London Subscribing to Policy No. VRN-CN-0000749-04 are individuals who are British subjects and/or legal entities existing under the laws of the United Kingdom of Great Britain and Northern Ireland with their principal place of business in London, England. They are authorized to write insurance in Louisiana on a surplus-lines basis.

4.

Defendant, Interstate Fire & Casualty Company is incorporated in Illinois with its principal place of business in Chicago, Illinois.

5.

Defendant, Independent Specialty Insurance Company, is incorporated in Delaware with its principal places of business in Bedford, Texas.

6.

The Underwriters and Companies Policies are evidenced by Policy No. 2018-9000749-04 ("the Policy"), with effective dates of February 23, 2021, to February 23, 2022, and memorializes a contract of insurance (the "Contract") between the insurers and the insured. The

Policy governs the terms and conditions of the insurance coverage. A copy of the Policy is attached hereto as Exhibit A.

7.

The Policy contains an arbitration provision that requires Plaintiff to submit all disputes under the Policy.

See **VRU COMMERCIAL PROPERTY COMPREHENSIVE FORM, SECTION VII – CONDITIONS:**

**C. ARBITRATION CLAUSE:**

All matters in dispute between the **NAMED INSURED** and the **INSURER(S)** (hereinafter referred to as "the parties") in relation to this insurance, including this **POLICY'S** formation and validity, and whether arising during or after the period of this insurance, shall be referred to as an Arbitration Tribunal in the manner hereinafter set out.

Unless the parties agreed upon a single Arbitrator within thirty (30) days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his or her Arbitrator and give written notice thereof to the Respondent. Within thirty (3) days of receiving such notice from Claimant, the Respondent shall appoint his or her Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

If the two Arbitrators fail to agree on the selection of the umpire within thirty (30) days of the appointment of the second named Arbitrator, each Arbitrator shall submit to the other a list of three Umpire candidates, each Arbitrator shall select one name from the list submitted by the other and the Umpire shall be selected from the two names chosen by a lot drawing procedure to be agreed upon by the Arbitrators. Unless the parties otherwise agree, the Arbitration Tribunal shall consist of disinterested and impartial persons presently or formerly employed or engaged in a senior position in Insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discover, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or

not as it shall in its discretion think fit.

The parties shall each bear their own costs, expenses and attorney's fees in any Arbitration proceeding. Any Arbitration hearing shall take place in Nashville, Tennessee, unless VRU is agreeable to a different locale.

The Arbitration Tribunal may not award exemplary, punitive, or multiple or other damages of a similar nature.

The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

8.

The Contract envisaged performance abroad, as defendants, Certain Underwriters at Lloyd's, London Subscribing to Policy No. VNB-CN-0000749-04 and Certain Underwriters at Lloyd's London Subscribing to Policy No. VRN-CN-0000749-04, are individuals who are British subjects and/or legal entities existing under the laws of the United Kingdom of Great Britain and Northern Ireland with their principal place of business in London, England. As such, the Contract constitutes an arbitration agreement falling under the Convention.

9.

On or about September 20, 2022, Plaintiff served Defendants with a Petition for Damages that was filed in the Civil Judicial District Court for the Parish of Orleans, State of Louisiana, Case No. 2022-08014, Division M (the "Petition"), asserting a claim for damages arising from breach of contract and bad faith related to an insurance claim by Plaintiff following Hurricane Ida. A copy of the Petition and all other pleadings, process and orders in this case are attached as Exhibit B under 28 U.S.C. § 1446(a). The Notice to State Court of Notice of Removal is attached hereto as Exhibit C. Plaintiff has provided an indefinite extension of time for Defendants to answer.

10.

Plaintiff's claims against Defendants arise out of the terms and conditions of the Policy, which mandate that the parties are to submit this dispute to arbitration in the United States, specifically Nashville, Tennessee. As such, both at the time that the suit was initiated, and at the time of the present removal, this dispute is subject to mandatory arbitration in Nashville, Tennessee.

11.

The arbitration mandated between Plaintiff and Defendants is subject to the provisions of the Convention and, therefore, the Convention and its enabling legislation are controlling under 9 U.S.C. §§ 201. The United States is a signatory of the Convention, as is the United Kingdom.

12.

The United States Court of Appeals for the Fifth Circuit has consistently recognized that any dispute under an insurance policy containing an arbitration clause with an international party is subject to arbitration under the Convention. See *Acosta v. Master Maintenance & Const., Inc.*, 452 F.3d 373 (5th Cir. 2006) and *Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666 (5th Cir. 1994).

13.

Further, this suit is an action of which this Court has original jurisdiction under 9 U.S.C. §§ 202, and one that may be removed to this Court under 9 U.S.C. § 205 at any time before trial thereof, in that it is an action arising under the laws of the United States and relating to an arbitration agreement falling under the Convention. See *McDermott Intl., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1212 (5th Cir. 1991); *STMB Properties, LLC v. Certain Underwriters at Lloyd's London,* 2022 WL 3924313 (E.D. La. 8/31/22).

14.

Thus, removal is timely, as there has been no trial of the state court action. 9 U.S.C.A. § 205.

WHEREFORE, PREMISES CONSIDERED, Defendants hereby remove Civil Action No. 2022-08014, filed in Division M, Civil District Court for the Parish of Orleans, State of Louisiana, to this Court. A copy of this notice has been sent to the Clerk of the Orleans Parish Civil District Court, State of Louisiana, in which this action was commenced under 28 U.S.C. § 1446(d).

Respectfully submitted,

**DEGAN, BLANCHARD & NASH**

/s/ *Genevieve K. Jacques*
Sidney W. Degan, III (#4804)
John M. Futrell (# 05865)
Genevieve K. Jacques (#27818)
400 Poydras Street, Ste. 2600
New Orleans, LA 70130
Telephone: (504) 529-3333
Fax: (504) 529-3337
Email: sdegan@degan.com
jfutrell@degan.com
gjacques@degan.com
*Counsel for Defendant, Certain Underwriters at Lloyd's, London Subscribing to Policy No. VNB-CN-0000749-04, Certain Underwriters at Lloyd's London Subscribing to Policy No. VRN-CN-0000749-04, Interstate Fire & Casualty Company and Independent Specialty Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of March, 2023, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system that will send a notice of electronic filing to all CM/ECF participants.

                                                */s/ Genevieve K. Jacques*